94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles McBRIDE, Plaintiff-Appellant,
v.
CITY OF JACKSON; Claude Martin, individually and in his
official capacity as City Engineer of the City of
Jackson, Defendants-Appellees.
 No. 95-6382.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1996.
 
 Before: LIVELY, KENNEDY, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Charles McBride appeals a district court order enforcing a settlement agreement in his civil rights action filed pursuant to 42 U.S.C. § 1983. Counsel for both parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, McBride sued the City of Jackson and the City Engineer, alleging that the defendants violated his due process rights when they terminated his employment with the city. On May 1, 1995, a magistrate judge conducted a settlement conference with the parties and their attorneys, at which conference McBride accepted defendants' offer. However, McBride subsequently refused to execute the settlement papers and the defendants filed a motion for enforcement of the settlement agreement. Following a hearing, the district court granted the defendants' motion. McBride has filed a timely appeal from this order.
 
 
 3
 The district court properly enforced the settlement agreement in this case. The district court retains the power to enforce settlement agreements entered into between the parties during pending litigation. Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir.), cert. denied, 506 U.S. 867 (1992). Although this court may freely review the district court's legal conclusions concerning the existence of an enforceable oral contract, the underlying factual determinations must be upheld unless they are clearly erroneous. Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 143 (6th Cir.1983).
 
 
 4
 After hearing the testimony at the hearing on the defendants' motion, the district court properly determined that the parties entered into a valid settlement agreement. The testimony of the magistrate judge clearly indicates that McBride agreed to the settlement in this case. Indeed, McBride's own testimony at the hearing supports this conclusion. Further, the testimony at the hearing does not support McBride's contentions that he was too ill to understand the settlement conference proceedings or that his acceptance of the settlement was contingent upon waiting a twenty-four hour period.
 
 
 5
 Accordingly, this court affirms the district court's judgment.